IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BON KIEU, | * |
| Plaintiff | *<br>*  3:07cv1020 - MEF<br>* |
| vs. | * CASE NO.: cv 07-756 |
| DALE CUNNINGHAM, GREYHOUND LINES, INC. | * FROM THE CIRCUIT COURT OF<br>* MOBILE COUNTY, ALABAMA<br>* CV-07-1992 |
| Defendants | * |

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF ALABAMA:

## NOTICE OF REMOVAL

COMES NOW the Defendant Greyhound Lines, Inc., and Defendant Dale Cunningham, and gives notice that this cause is hereby removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama. For their Notice of Removal, Defendants show unto this Court as follows:

1.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

### I. RELEVANT PROCEDURAL FACTS

2.   Plaintiff Bon Kieu initiated this suit in the Circuit Court of Mobile County, Alabama against Greyhound Lines, Inc. and Dale Cunningham. The case was assigned case number CV-07-1992. Plaintiff effected service of the Complaint by certified mail upon Greyhound Lines, Inc. on October 9, 2007. Plaintiff also effected service of the Complaint by certified mail upon Dale Cunningham on October 9, 2007. This notice is filed in the

United States District Court for the Southern District of Alabama, within the time allowed by law for the removal of civil actions to the United States District Court. The documents attached hereto as Exhibit "A" constitute all the process, pleadings and orders served upon Greyhound Lines, Inc. in this action.

3. Plaintiff alleges he has suffered substantial damages in that he has suffered injuries and damages including an injury to his head, neck and back, he was bruised in various portions of his body. He further alleges he was caused to incur medical expenses and will allegedly be caused to incur additional medical expenses in the future. Additionally, the Plaintiff alleges he is permanently injured, caused to suffer emotional distress, caused to suffer lost wages and earning capacity and will be caused to incur additional lost wages and loss of earning capacity in the future as a result of this accident. (Paragraph 7 of Plaintiff's Complaint, Exhibit A).

4. This action could have been filed in this Court pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the properly joined parties in this cause and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II. THE CITIZENSHIP OF THE PARTIES

5. The Plaintiff is at the time of the institution of this civil action, a citizen and resident of the State of Mississippi and/or is not a citizen of the State of Delaware or the State of Texas. Defendant Dale Cunningham is at the time of the institution of this civil action, a citizen of the State of Georgia. Greyhound Lines, Inc. is and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in Dallas, Texas.

Greyhound Lines, Inc. is not now, and was not at the time of the filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6.     Plaintiff seeks compensatory and punitive damages alleging a tortious injury against Defendants Greyhound Lines, Inc. and Dale Cunningham, by virtue of a bus accident involving a Greyhound Lines, Inc. bus on which the Plaintiff was allegedly a passenger. Plaintiff alleges that Defendant Dale Cunningham was negligent and wanton in the operation of the bus while acting in the scope of employment for Defendant Greyhound Lines, Inc. Plaintiff further alleges the Defendants Greyhound Lines, Inc. and Dale Cunningham negligently and wantonly failed to maintain the subject bus and that Defendant Greyhound Lines, Inc. negligently entrusted the bus to Dale Cunningham and as a proximate result thereof, Plaintiff allegedly suffered damages. Compensatory and punitive damages are claimed of Defendants.

7.     Although the *ad damnum* in Plaintiff's Complaint does not specify an amount, it is sufficient to establish diversity jurisdiction if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. *See Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310 (7th Cir. 1970). The time to ascertain whether the jurisdictional amount exists is the time the Notice of Removal is filed. *See Ellis v. Logan Co.*, 543 F.Supp. 586 (W.D. Ky. 1982).

8.     In diversity actions, state law governs substantive issues. *See Caster v. Hennessey*, 781 F.2d 1569 (11th Cir. 1986). As noticed above, it is well settled in numerous cases under Alabama law, that the Plaintiff's claims reasonably involve an

amount in controversy in excess of $75,000.00, exclusive of interest and costs.

9.      Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g. Tapscott*, 77 F.3d at 1359 (11th Cir. 1996) (when Plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("when determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Cas. Company*, 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("it is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") *citing Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S. Ct. 5 (1943).

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

10.     A true copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Mobile County, Alabama as required by 28 U.S.C. § 1446(d). If any question arises as to the propriety of the removal of this action, Greyhound Lines, Inc. and Dale Cunningham request the opportunity to present a brief and oral argument in support of its position that this cause is removable and to conduct removal related discovery as appropriate. *See Williams v. Best Buy Co., Inc.*, 2001 WL 1244759 (11th Cir. 2001).

WHEREFORE, Defendant Greyhound Lines, Inc. and Dale Cunningham desiring to remove this cause to the United States District Court for the Southern District of Alabama, being the district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Mobile County, Alabama, shall effect the removal of said suit to this Court.

Respectfully Submitted,

_____
DONALD F. PIERCE (PIERD9277)
JOHN C.S. PIERCE   (PIERJ0347)
D. KIRBY HOWARD (HOWD3177)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

### CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and mailed by United States Postal Service, first class postage prepaid to the following:

Michael P. Windom, Esq.
Windom & Tobias, LLC
P. O. Box 2626
Mobile, AL 36601

Done this 23rd day of October, 2007.

_____
COUNSEL

cc:   JoJo Schwarzauer, Clerk
      Circuit Court of Mobile County, Alabama

| State of Alabama | SUMMONS - CIVIL | Case Number |
|---|---|---|
| Unified Judicial System | | CV- 07-1992 |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BON KIEU,
    Plaintiff,

DALE CUNNINGHAM, GREYHOUND LINES, INC., et al.
    Defendants,

NOTICE TO:    Dale Cunningham
517 Fond De Lac Drive
Stone Mountain, Georgia 30088

To be served by:
CERTIFIED MAIL

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to MICHAEL P. WINDOM, Attorney for Plaintiff, whose address is Post Office Box 2626, Mobile, Alabama, 36652. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant.

__XX__ This service by certified mail of this summons is initiated upon written request of the Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

9-28, 2007
Date

By: _JoJo Schwarzauer, Circuit Clerk_
Clerk/Register MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

__XX__ Certified Mail is hereby requested.

Plaintiff's / Attorney's Signature

---

RETURN ON SERVICE:

__ Certified Mail return receipt received in this office on (Date) _____. (Return receipt attached hereto).

__ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on (Date) _____.

_____, 2007
Date

_____
Server Signature

Address of Server _____

_____
Type of Process Server

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
CIVIL DIVISION

|  |  |
|---|---|
| BON KIEU<br>Plaintiff, | * <br> * <br> * <br> * |
| vs | *   CIVIL ACTION NO:<br>*   CV- 07-1992 |
| DALE CUNNINGHAM;<br>GREYHOUND LINES, INC.; et al | * <br> * |

A, B, and/or C, those persons, firms, corporations, or other entities who was the operator of the motor vehicle which came into contact with the vehicle occupied by the Plaintiff at the times and places made the basis of this suit; D, E, and/or F, those persons, firms, corporations, or other entities who was the owner of the motor vehicle operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit;  G, H, and/or I, those persons, firms, corporations, or other entities who was the principal, master, employer and/or person for whose benefit the trip was being made by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit;   J, K, and/or L, those persons, firms, corporations, or other entities who negligently entrusted the motor vehicle being operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit;    M, N, and/or O, those persons, firms, corporations, or other entities who was responsible for the maintenance of the vehicle being operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit; all of whose true and correct identities are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained, separately and severally

Defendants,

## COMPLAINT

Come now the Plaintiff, BON KIEU, by and through the undersigned counsel, and bring this action against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or O, as follows:

## PARTIES

1. The Plaintiff, BON KIEU, an individual over the age of nineteen (19) years, and resident of Ocean Springs, (Jackson County), Mississippi at all times material hereto.

2. Upon information and belief, the Defendant, DALE CUNNINGHAM, is an individual over the age of nineteen (19) years, and a resident of Stone Mountain, Georgia. The Defendant had regular and continuous contact with the State of Alabama at all times material hereto.

3. Upon information and belief, the Defendant, GREYHOUND LINES, INC., is a corporation with its principal place of business in Wilmington, Delaware. The Defendant conducted business on a regular and systematic basis in Mobile County, Alabama at all times material hereto

4. Fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, are persons, firms, corporations, or other entities relevant to this action, whose true and correct identities are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

## COUNT ONE
## NEGLIGENCE

5. The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, DALE CUNNINGHAM, A, B, and/or C, negligently operated a Greyhound Bus which was owned by the Defendant, GREYHOUND LINES, INC., D, E and/or F, in Phenix City, Alabama, so as to cause Plaintiff, BON

KIEU injuries while a passenger on the bus at a time when he was being transported for payment in said motor vehicle.

6. The Plaintiff further avers that, at the time and place made the basis of this suit, the Defendant, DALE CUNNINGHAM, A, B, and/or C, was acting within the line and scope of his employment as an agent, servant, or employee of the Defendant, GREYHOUND LINES, INC., G, H, I, J, K, and/or L.

7. As a proximate result of the negligent conduct of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injury to his head, neck and back, he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the bus accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

8. The injuries and damages of the Plaintiff, BON KIEU, exceed the jurisdictional limits of this Court.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties A, B, C, D, E, F, G,

H, I, J, K, and/or L, for general compensatory damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT TWO
## WANTONNESS

9. The Plaintiff, BON KIEU, adopts and realleges the allegations set forth in paragraphs numbered one (1) through eight (8) of this Complaint as if fully set forth herein.

10. The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, DALE CUNNINGHAM, A, B, and/or C, wantonly operated a Greyhound Bus which was owned by the Defendant, GREYHOUND LINES, INC., D, E and/or F, in Phenix City, Alabama, so as to cause or allow the same to collide and cause injuries to the Plaintiff, BON KIEU, while a passenger on the bus at a time when he was being transported for payment in said motor vehicle.

11. The Plaintiff further avers that, at the time and place made the basis of this suit, the Defendants, DALE CUNNINGHAM, A, B, and/or C, were acting within the line and scope of their employment as agents, servants, or employees of the Defendant, GREYHOUND LINES, INC., G, H, I, J, K, and/or L.

12. As a proximate result of the wanton conduct of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injuries to his head, neck and back; he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his

injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

13. The Plaintiff, BON KIEU, seeks to recover punitive damages against the Defendants.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties A, B, C, D, E, F, G, H, I, J, K, and/or L, for general compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT THREE
## NEGLIGENT MAINTENANCE

14. The Plaintiff, BON KIEU, adopts and realleges the allegations of paragraphs numbered one (1) through thirteen (13) of this Complaint as it fully set forth herein.

15. The Plaintiff avers that the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC. and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or O, knew, or had reason to know, that the subject bus and/or its braking system was defective and/or not in proper working order or, alternatively failed to properly monitor, inspect and maintain the braking system. The Defendants

otherwise negligently failed to maintain the subject bus and/or its braking system. In addition, these Defendants were negligent in the following respects:

    (a)    Negligently failing to maintain the braking system of the subject bus in a reasonable safe condition;

    (b)    Negligently causing or allowing the subject bus to be placed on the open road with knowledge of the defect, to wit: an improperly functioning braking system and/or defective braking system;

    (c)    Negligently failing to establish safe work practices and procedures for proper monitoring, inspection and maintenance of the braking system of the subject bus.

16. As a proximate result of the negligent conduct and other wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous condition, the Plaintiff, BON KIEU, suffered injuries and damages as complained herein.

WHEREFORE, the Plaintiff BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties, A, B, C, D, E, and/or F, for compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT FOUR
## WANTON FAILURE TO MAINTAIN

17. The Plaintiff, BON KIEU adopts and realleges the allegations of paragraphs numbered one (1) through sixteen (16) of this Complaint as it fully set forth herein.

18. The Plaintiff avers that the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC. and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or

O, knew, or had reason to know, that the subject bus and/or its braking system was defective and/or not in proper working order or, alternatively failed to properly monitor, inspect and maintain the braking system. The Defendants otherwise wantonly failed to maintain the subject bus and/or its braking system. In addition, these Defendants were wanton in the following respects:

(a) Wantonly failing to maintain the braking system of the subject bus in a reasonable safe condition;

(b) Wantonly causing or allowing the subject bus to be placed on the open road with knowledge of the defect, to with: an improperly functioning braking system and/or defective braking system;

(c) Wantonly failing to establish safe work practices and procedures for proper monitoring, inspection and maintenance of the braking system of the subject bus.

19. As a proximate result of the wanton conduct and other wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous condition, the Plaintiff, BON KIEU, suffered injuries and damages as complained of herein.

## COUNT FIVE
## NEGLIGENT ENTRUSTMENT

20. The Plaintiff, BON KIEU, adopts and realleges the allegations set forth in paragraphs numbered one (1) through nineteen (19) of this Complaint as if fully set forth herein.

21. The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, GREYHOUND LINES, INC., I, J, K, and/or L, negligently entrusted a Greyhound Bus to the Defendant, DALE CUNNINGHAM, A, B and/or C,

knowing the said DALE CUNNINGHAM, D, E, F, G, H, I, J, K, and/or L, to be a reckless, careless, heedless, and indifferent driver, or without the requisite discretion to drive.

22. As a proximate consequence of the negligent entrustment of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injuries to his head, neck and back; he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, GREYHOUND LINES, INC., and fictitious parties D, E, F, G, H, I, J, K, and/or L, for general compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY ON ALL COUNTS

WINDOM & TOBIAS, LLC
Attorneys for Plaintiff, BON KIEU

*/s/ Michael P. Windom*

MICHAEL P. WINDOM     (WIN017)
Post Office Box 2626
Mobile, Alabama 36601
(251) 432-5001

## SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

**DALE CUNNINGHAM**
517 Fond De Lac Drive
Stone Mountain, Georgia 30088

**GREYHOUND LINES, INC.**
c/o Registered Agent
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| BON KIEU, | * |
| Plaintiff | * |
| vs. | * CASE NO.: CV-07-1992 |
| DALE CUNNINGHAM, GREYHOUND | * |
| Defendants | * |

### NOTICE TO CIRCUIT COURT OF MOBILE COUNTY OF REMOVAL

TO:   JoJo Schwarzauer, Clerk
Circuit Court of Mobile County
Mobile Government Plaza, Room C936
205 Government Street
Mobile, AL 36644-2936

There is hereby filed with you a copy of the Notice of Removal of Greyhound Lines, Inc. and Dale Cunningham in the case styled *Bon Kieu v. Dale Cunningham, et al.*, Civil Action No. CV-07-1992, designed to remove that action to the United States District Court for the Southern District of Alabama. The Notice of Removal was filed in the United States District Court for the Southern District of Alabama on the 23rd day of October, 2007.

Written notice of the filing of said Notice of Removal was given to the attorney of record for Plaintiff herein by service effective October 23, 2007, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Mobile County, Alabama, effects removal of said cause to the United States District Court.

Respectfully Submitted,

_____
DONALD F. PIERCE (PIE004)
JOHN C.S. PIERCE (PIE009)
D. KIRBY HOWARD (HOW071)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and mailed by United States Postal Service, first class postage prepaid to the following:

Michael P. Windom, Esq.
P. O. Box 2626
Mobile, AL 36601

Done this 23rd day of October, 2007.

_____
COUNSEL