IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BON KIEU, | * |
| Plaintiff | * 3:07cv1020- MEF |
| vs. | * CASE NO.1:07 cv 756 |
| DALE CUNNINGHAM, GREYHOUND LINES, INC. | * |
| Defendants | * |

## DEFENDANT'S MOTION TO TRANSFER VENUE

COMES NOW Defendants, Greyhound Lines, Inc. and Dale Cunningham, and move the Court to transfer this action to the United States District Court for the Middle District of Alabama, Eastern Division. In support of their motion, Defendants state as follows:

1. Plaintiff brings this action seeking damages for personal injuries allegedly arising from a bus accident which occurred in Phenix City, Russell County, Alabama on or about October 3, 2005. See Plaintiff's Complaint, attached hereto as Exhibit "A."

2. The Plaintiff in this case is a resident of Ocean Springs, Jackson County, Mississippi. (Exhibit "A", Paragraph 1).

3. Defendant Dale Cunningham is a resident of Stone Mountain, Georgia. (Exhibit "A", Paragraph 2).

4. Defendant Greyhound Lines, Inc., is a Delaware corporation with its principal place of business in Dallas, Texas. See Notice of Removal, attached hereto as Exhibit "B", at Paragraph 5.

5.  The instant complaint seeks recovery from Defendants Dale Cunningham and Greyhound Lines, Inc., and is based upon alleged negligence and wantonness in the operation and maintenance of the subject bus. The Plaintiff also alleges Defendant Greyhound Lines, Inc. negligently entrusted the subject bus to Defendant Dale Cunningham. Most, if not all, of the operative facts surrounding this accident occurred in Phenix City, Russell County, Alabama.

6.  There are two actions currently pending in the United States District Court for the Middle District of Alabama, Eastern Division, which arise from the same motor vehicle accident as the one that is the subject of this lawsuit, styled *Marrlina Bolden, Plaintiff v. Dale Cunningham, Greyhound Lines, Inc., Defendants*, Case No.: 3:07 cv 917-SRW; *Nancy Henderson and Thomas Henderson, Plaintiffs v. Dale Cunningham, Greyhound Lines, Inc., Defendants*, Case No. 3:07 cv 916 MEF.

7.  28 United States Code Annotated §1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

8.  "The threshold question in determining if a change of venue is warranted, is whether the suggested forum is one in which the case could have been properly brought originally." *Hasty v. St. Jude Medical S.C. Inc.*, 2007 WL 1428733 at *3 (M.D.Ga). An action where jurisdiction is based upon diversity of citizenship may be brought in a judicial district:

> (1) where any defendant resides, if all defendants reside in the same State;
> (2) **where a substantial part of the events or omissions giving rise to the claims occurred,** or a substantial part of property that is the subject of action is situated; or (3) where any defendant is subject to personal

2

jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Soroka v. Lee Technologies Services, Inc.*, 2006 WL 1734277 at *4 (N.D. Ga.). As stated above the subject accident occurred in Russell County, Alabama which is part of the Middle District of Alabama. Additionally, as mentioned above, the cases of *Marrlina Bolden, Plaintiff v. Dale Cunningham, Greyhound Lines, Inc., Defendants*, Case No.: 3:07 cv 917-SRW; *Nancy Henderson and Thomas Henderson, Plaintiffs v. Dale Cunningham, Greyhound Lines, Inc., Defendants*, Case No. 3:07 cv 916 MEF, arose from the same accident as is the subject of this lawsuit and both are currently pending in the Eastern Division of the Middle District of Alabama.

9.      "After determining whether the action might have been brought in the transferee district court, the court must decide whether the balance of convenience favors transfer." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994). When making this decision, courts generally rely on a number of factors including:

> (1) the plaintiffs choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system.

*Gould v. National Life Insurance Company*, 990 F.Supp. 1354, 1357-58 (M.D. Ala. 1998).

10.     This case has no nexus with the Southern District of Alabama. The accident took place in Russell County, Alabama, the Plaintiff resides in Mississippi, Defendant Dale Cunningham resides in Stone Mountain, Georgia and Defendant Greyhound Lines, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. The Middle District of Alabama would be more convenient for the parties involved as well as any

witness to the accident. These facts along with the fact that two cases arising from the same accident are currently pending in the Eastern Division of the Middle District of Alabama illustrates that it would be more convenient, more efficient, and less expensive to the justice system to try the above styled action in the Middle District of Alabama. "[T]he fact that substantially similar action[s] [are] pending currently in the transferee court counsels in favor of transfer because of the opportunity for consolidation and, thus, the conservation of judicial resources." *Soroka v. Lee Technologies Services, Inc.*, 2006 WL 1734277 at *4 (N.D. Ga.) See also, *Martin v. South Carolina Bank*, 811 F.Supp. 679,685 (M.D. Ga. 1992) ("Undoubtedly, the most compelling reason for transfer is that there are related proceedings pending in the [transferee district].") As such, it is "in the interest of justice" to transfer the above styled action to the Middle District of Alabama, Eastern Division. *Johnston*, 158 F.R.D. at 505.

WHEREFORE, Defendants, Dale Cunningham and Greyhound Lines, Inc. request entry of an order transferring the instant action to the United States District Court for the Middle District of Alabama, Eastern Division.


Respectfully Submitted,


/s D. Kirby Howard, Jr.
DONALD F. PIERCE   (PIERD9277)
JOHN C.S. PIERCE   (PIERJ0347)
D. KIRBY HOWARD, JR. (HOWD3177)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael P. Windom, Esq.
Windom & Tobias, LLC
P. O. Box 2626
Mobile, AL 36601

Done this 29th day of October, 2007.

s/ D. Kirby Howard, Jr.
COUNSEL

| State of Alabama | SUMMONS - CIVIL | Case Number |
|---|---|---|
| Unified Judicial System | | CV-07-1992 |

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BON KIEU,
    Plaintiff,

DALE CUNNINGHAM, GREYHOUND LINES, INC., et al.
    Defendants,

NOTICE TO:    Dale Cunningham
517 Fond De Lac Drive
Stone Mountain, Georgia 30088

To be served by:
CERTIFIED MAIL

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to **MICHAEL P. WINDOM**, Attorney for Plaintiff, whose address is Post Office Box 2626, Mobile, Alabama, 36652. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant.

__XX__ This service by certified mail of this summons is initiated upon written request of the Plaintiff pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

9-28, 2007
Date

By: _JoJo Schwarzauer_, Circuit Clerk
Clerk/Reg MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2986

__XX__ Certified Mail is hereby requested.

Plaintiff's / Attorney's Signature

RETURN ON SERVICE:

__ Certified Mail return receipt received in this office on (Date) _____. (Return receipt attached hereto).

__ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on (Date) _____.

_____, 2007
Date

_____
Server Signature

Address of Server
_____

_____
Type of Process Server

EXHIBIT A

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
CIVIL DIVISION

**BON KIEU**
    Plaintiff,

vs

CIVIL ACTION NO:
CV- 07-1992

**DALE CUNNINGHAM;**
**GREYHOUND LINES, INC.; et al**

A, B, and/or C, those persons, firms, corporations, or other entities who was the operator of the motor vehicle which came into contact with the vehicle occupied by the Plaintiff at the times and places made the basis of this suit; D, E, and/or F, those persons, firms, corporations, or other entities who was the owner of the motor vehicle operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit; G, H, and/or I, those persons, firms, corporations, or other entities who was the principal, master, employer and/or person for whose benefit the trip was being made by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit; J, K, and/or L, those persons, firms, corporations, or other entities who negligently entrusted the motor vehicle being operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit; M, N, and/or O, those persons, firms, corporations, or other entities who was responsible for the maintenance of the vehicle being operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit; all of whose true and correct identities are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained, separately and severally

    Defendants,

## COMPLAINT

Come now the Plaintiff, BON KIEU, by and through the undersigned counsel, and bring this action against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or O, as follows:

## PARTIES

1. The Plaintiff, BON KIEU, an individual over the age of nineteen (19) years, and resident of Ocean Springs, (Jackson County), Mississippi at all times material hereto.

2. Upon information and belief, the Defendant, DALE CUNNINGHAM, is an individual over the age of nineteen (19) years, and a resident of Stone Mountain, Georgia. The Defendant had regular and continuous contact with the State of Alabama at all times material hereto.

3. Upon information and belief, the Defendant, GREYHOUND LINES, INC., is a corporation with its principal place of business in Wilmington, Delaware. The Defendant conducted business on a regular and systematic basis in Mobile County, Alabama at all times material hereto

4. Fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, are persons, firms, corporations, or other entities relevant to this action, whose true and correct identities are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

## COUNT ONE
## NEGLIGENCE

5. The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, DALE CUNNINGHAM, A, B, and/or C, negligently operated a Greyhound Bus which was owned by the Defendant, GREYHOUND LINES, INC., D, E and/or F, in Phenix City, Alabama, so as to cause Plaintiff, BON

KIEU injuries while a passenger on the bus at a time when he was being transported for payment in said motor vehicle.

6. The Plaintiff further avers that, at the time and place made the basis of this suit, the Defendant, DALE CUNNINGHAM, A, B, and/or C, was acting within the line and scope of his employment as an agent, servant, or employee of the Defendant, GREYHOUND LINES, INC., G, H, I, J, K, and/or L.

7. As a proximate result of the negligent conduct of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injury to his head, neck and back, he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the bus accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

8. The injuries and damages of the Plaintiff, BON KIEU, exceed the jurisdictional limits of this Court.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties A, B, C, D, E, F, G,

H, I, J, K, and/or L, for general compensatory damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT TWO
## WANTONNESS

9. The Plaintiff, BON KIEU, adopts and realleges the allegations set forth in paragraphs numbered one (1) through eight (8) of this Complaint as if fully set forth herein.

10. The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, DALE CUNNINGHAM, A, B, and/or C, wantonly operated a Greyhound Bus which was owned by the Defendant, GREYHOUND LINES, INC., D, E and/or F, in Phenix City, Alabama, so as to cause or allow the same to collide and cause injuries to the Plaintiff, BON KIEU, while a passenger on the bus at a time when he was being transported for payment in said motor vehicle.

11. The Plaintiff further avers that, at the time and place made the basis of this suit, the Defendants, DALE CUNNINGHAM, A, B, and/or C, were acting within the line and scope of their employment as agents, servants, or employees of the Defendant, GREYHOUND LINES, INC., G, H, I, J, K, and/or L.

12. As a proximate result of the wanton conduct of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injuries to his head, neck and back; he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his

injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

13. The Plaintiff, BON KIEU, seeks to recover punitive damages against the Defendants.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties A, B, C, D, E, F, G, H, I, J, K, and/or L, for general compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT THREE
## NEGLIGENT MAINTENANCE

14. The Plaintiff, BON KIEU, adopts and realleges the allegations of paragraphs numbered one (1) through thirteen (13) of this Complaint as it fully set forth herein.

15. The Plaintiff avers that the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC. and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or O, knew, or had reason to know, that the subject bus and/or its braking system was defective and/or not in proper working order or, alternatively failed to properly monitor, inspect and maintain the braking system. The Defendants

        otherwise negligently failed to maintain the subject bus and/or its braking system. In addition, these Defendants were negligent in the following respects:

    (a)    Negligently failing to maintain the braking system of the subject bus in a reasonable safe condition;

    (b)    Negligently causing or allowing the subject bus to be placed on the open road with knowledge of the defect, to wit: an improperly functioning braking system and/or defective braking system;

    (c)    Negligently failing to establish safe work practices and procedures for proper monitoring, inspection and maintenance of the braking system of the subject bus.

16.    As a proximate result of the negligent conduct and other wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous condition, the Plaintiff, BON KIEU, suffered injuries and damages as complained herein.

WHEREFORE, the Plaintiff BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties, A, B, C, D, E, and/or F, for compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT FOUR
## WANTON FAILURE TO MAINTAIN

17.    The Plaintiff, BON KIEU adopts and realleges the allegations of paragraphs numbered one (1) through sixteen (16) of this Complaint as it fully set forth herein.

18.    The Plaintiff avers that the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC. and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or

O, knew, or had reason to know, that the subject bus and/or its braking system was defective and/or not in proper working order or, alternatively failed to properly monitor, inspect and maintain the braking system. The Defendants otherwise wantonly failed to maintain the subject bus and/or its braking system. In addition, these Defendants were wanton in the following respects:

(a) Wantonly failing to maintain the braking system of the subject bus in a reasonable safe condition;

(b) Wantonly causing or allowing the subject bus to be placed on the open road with knowledge of the defect, to with: an improperly functioning braking system and/or defective braking system;

(c) Wantonly failing to establish safe work practices and procedures for proper monitoring, inspection and maintenance of the braking system of the subject bus.

19. As a proximate result of the wanton conduct and other wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous condition, the Plaintiff, BON KIEU, suffered injuries and damages as complained of herein.

## COUNT FIVE
## NEGLIGENT ENTRUSTMENT

20. The Plaintiff, BON KIEU, adopts and realleges the allegations set forth in paragraphs numbered one (1) through nineteen (19) of this Complaint as if fully set forth herein.

21. The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, GREYHOUND LINES, INC., I, J, K, and/or L, negligently entrusted a Greyhound Bus to the Defendant, DALE CUNNINGHAM, A, B and/or C,

    knowing the said DALE CUNNINGHAM, D, E, F, G, H, I, J, K, and/or L, to be a reckless, careless, heedless, and indifferent driver, or without the requisite discretion to drive.

22. As a proximate consequence of the negligent entrustment of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injuries to his head, neck and back; he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, GREYHOUND LINES, INC., and fictitious parties D, E, F, G, H, I, J, K, and/or L, for general compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY ON ALL COUNTS

WINDOM & TOBIAS, LLC
Attorneys for Plaintiff, BON KIEU

*Michael P. Windom*

MICHAEL P. WINDOM          (WIN017)
Post Office Box 2626
Mobile, Alabama 36601
(251) 432-5001

## SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

**DALE CUNNINGHAM**
517 Fond De Lac Drive
Stone Mountain, Georgia 30088

**GREYHOUND LINES, INC.**
c/o Registered Agent
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BON KIEU, | |
|     Plaintiff | |
| vs. | CASE NO.: cv 07-756 |
| DALE CUNNINGHAM, GREYHOUND LINES, INC. | FROM THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA CV-07-1992 |
|     Defendants | |

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF ALABAMA:

### NOTICE OF REMOVAL

COMES NOW the Defendant Greyhound Lines, Inc., and Defendant Dale Cunningham, and gives notice that this cause is hereby removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama. For their Notice of Removal, Defendants show unto this Court as follows:

1.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

### I. RELEVANT PROCEDURAL FACTS

2.   Plaintiff Bon Kieu initiated this suit in the Circuit Court of Mobile County, Alabama against Greyhound Lines, Inc. and Dale Cunningham. The case was assigned case number CV-07-1992. Plaintiff effected service of the Complaint by certified mail upon Greyhound Lines, Inc. on October 9, 2007. Plaintiff also effected service of the Complaint by certified mail upon Dale Cunningham on October 9, 2007. This notice is filed in the


EXHIBIT B

United States District Court for the Southern District of Alabama, within the time allowed by law for the removal of civil actions to the United States District Court. The documents attached hereto as Exhibit "A" constitute all the process, pleadings and orders served upon Greyhound Lines, Inc. in this action.

3.   Plaintiff alleges he has suffered substantial damages in that he has suffered injuries and damages including an injury to his head, neck and back, he was bruised in various portions of his body. He further alleges he was caused to incur medical expenses and will allegedly be caused to incur additional medical expenses in the future. Additionally, the Plaintiff alleges he is permanently injured, caused to suffer emotional distress, caused to suffer lost wages and earning capacity and will be caused to incur additional lost wages and loss of earning capacity in the future as a result of this accident. (Paragraph 7 of Plaintiff's Complaint, Exhibit A).

4.   This action could have been filed in this Court pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the properly joined parties in this cause and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II. THE CITIZENSHIP OF THE PARTIES

5.   The Plaintiff is at the time of the institution of this civil action, a citizen and resident of the State of Mississippi and/or is not a citizen of the State of Delaware or the State of Texas. Defendant Dale Cunningham is at the time of the institution of this civil action, a citizen of the State of Georgia. Greyhound Lines, Inc. is and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in Dallas, Texas.

Greyhound Lines, Inc. is not now, and was not at the time of the filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6.  Plaintiff seeks compensatory and punitive damages alleging a tortious injury against Defendants Greyhound Lines, Inc. and Dale Cunningham, by virtue of a bus accident involving a Greyhound Lines, Inc. bus on which the Plaintiff was allegedly a passenger. Plaintiff alleges that Defendant Dale Cunningham was negligent and wanton in the operation of the bus while acting in the scope of employment for Defendant Greyhound Lines, Inc. Plaintiff further alleges the Defendants Greyhound Lines, Inc. and Dale Cunningham negligently and wantonly failed to maintain the subject bus and that Defendant Greyhound Lines, Inc. negligently entrusted the bus to Dale Cunningham and as a proximate result thereof, Plaintiff allegedly suffered damages. Compensatory and punitive damages are claimed of Defendants.

7.  Although the *ad damnum* in Plaintiff's Complaint does not specify an amount, it is sufficient to establish diversity jurisdiction if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. *See Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310 (7th Cir. 1970). The time to ascertain whether the jurisdictional amount exists is the time the Notice of Removal is filed. *See Ellis v. Logan Co.*, 543 F.Supp. 586 (W.D. Ky. 1982).

8.  In diversity actions, state law governs substantive issues. *See Caster v. Hennessey*, 781 F.2d 1569 (11th Cir. 1986). As noticed above, it is well settled in numerous cases under Alabama law, that the Plaintiff's claims reasonably involve an

amount in controversy in excess of $75,000.00, exclusive of interest and costs.

9. Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g. Tapscott*, 77 F.3d at 1359 (11th Cir. 1996) (when Plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("when determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Cas. Company*, 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("it is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S. Ct. 5 (1943).

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

10. A true copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Mobile County, Alabama as required by 28 U.S.C. § 1446(d). If any question arises as to the propriety of the removal of this action, Greyhound Lines, Inc. and Dale Cunningham request the opportunity to present a brief and oral argument in support of its position that this cause is removable and to conduct removal related discovery as appropriate. *See Williams v. Best Buy Co., Inc.*, 2001 WL 1244759 (11th Cir. 2001).

WHEREFORE, Defendant Greyhound Lines, Inc. and Dale Cunningham desiring to remove this cause to the United States District Court for the Southern District of Alabama, being the district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Mobile County, Alabama, shall effect the removal of said suit to this Court.

Respectfully Submitted,

*/s/ Donald F. Pierce*

DONALD F. PIERCE (PIERD9277)
JOHN C.S. PIERCE (PIERJ0347)
D. KIRBY HOWARD (HOWD3177)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and mailed by United States Postal Service, first class postage prepaid to the following:

Michael P. Windom, Esq.
Windom & Tobias, LLC
P. O. Box 2626
Mobile, AL 36601

Done this 23 day of October, 2007.

*/s/*
COUNSEL

cc: JoJo Schwarzauer, Clerk
    Circuit Court of Mobile County, Alabama