IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

BON KIEU,                                    *
                                             *
          Plaintiff                          *
                                             *      3:07 cv 1020 -MEF
vs.                                          *      CASE NO.: cv 07-756
                                             *
DALE CUNNINGHAM, GREYHOUND                   *
LINES, INC.                                  *
                                             *
          Defendants                         *

## ADDITIONAL GROUNDS FOR TRANSFER

     Come now Defendants, Greyhound Lines, Inc. and Dale Cunningham, and as

additional grounds for transfer, said Defendants filed a Motion to Consolidate the cases

*Marrlina Bolden, Plaintiff v. Dale Cunningham, Greyhound Lines, Inc., Defendant,* Case

No.: 3:07 CV917-SRW; *and Nancy Henderson and Thomas Henderson, Plaintiffs v. Dale*

*Cunningham, Greyhound Lines, Inc., Defendants,* Case No.: 3:07 cv 916MEF, which arise

from the same accident as in the instant case, with the United States District Court for the

Middle District of Alabama, Eastern Division on October 31, 2007. Said motion is attached

for the Court's review.

                              Respectfully Submitted,


                               s/ D. Kirby Howard, Jr.
                              DONALD F. PIERCE   (PIERD9277)
                              JOHN C.S. PIERCE    (PIERJ0347)
                              D. KIRBY HOWARD, JR. (HOWD3177)
                              Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama  36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and mailed by United States Postal Service, first class postage prepaid to the following:

Michael P. Windom, Esq.
Windom & Tobias, LLC
P. O. Box 2626
Mobile, AL 36601

Done this 31st day of October, 2007.

s/ D. Kirby Howard, Jr.
COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| MARRLINA BOLDEN, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | CASE NO.: 3:07 CV917-SRW |
| | * | |
| DALE CUNNINGHAM, GREYHOUND | * | |
| LINES, INC. | * | |
| | * | |
| Defendants | * | |

### MOTION TO CONSOLIDATE

COME NOW Defendants, Greyhound Lines, Inc. (Greyhound) and Dale Cunningham, and move this Court to consolidate the instant action with the case styled: *Nancy Henderson and Thomas Henderson, Plaintiffs v. Dale Cunningham, Greyhound Lines, Inc., Defendants,* Case No.: 3:07 cv 916MEF. In support of their Motion, Defendants state as follows:

1.　　The Plaintiff brings this action seeking damages for personal injuries allegedly arising from a bus accident which occurred in Phenix City, Russell County, Alabama on or about October 3, 2005. See Plaintiff's Complaint attached hereto as Exhibit A.

2.　　Similarly, Nancy and Thomas Henderson filed suit against Greyhound and Cunningham in the Circuit Court of Russell County, Alabama, seeking damages for personal injuries and loss of consortium allegedly arising from the same bus accident. See Henderson's Complaint attached hereto as Exhibit B.

3.　　Additionally, the case of *Bon Kieu, Plaintiff v. Dale Cunningham, Greyhound*

*Lines, Inc., Defendants,* Case No.: 1-07 cv 756, is pending in the United States District Court of the Southern District of Alabama. A Motion to Transfer Venue to the Middle District of Alabama, Eastern Division, has been filed with the court and is pending. In addition to the instant action and the Henderson case, the Kieu case arises from the same accident and involves the same Defendants. *See* Kieu Complaint attached hereto as Exhibit C.

4.     On October 11, 2007, both the instant case and the Henderson case were removed from the Circuit Court of Russell County to the United States District Court for the Middle District of Alabama, Eastern Division. The Kieu case was removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama on October 23, 2007.

5.     When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all of the matters in issue in the actions. It may order all the actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. *See* Fed.R.Civ.P. 42(a).

6.     The instant case and the case styled *Nancy Henderson and Thomas Henderson, Plaintiffs v. Dale Cunningham, Greyhound Lines, Inc., Defendants,* Case No.: 3:07 cv 916MEF arise from the same accident and both actions have the same Defendants involved.

7.     These complaints are based on the same loss and the same controversy. Furthermore, these cases are also both pending before this Court as independent cases.

8.     Consolidation for pretrial and discovery purposes would avoid duplication of

2

pleadings, hearings and depositions.

9.    Defendants to this action seek an Order from this Court consolidating the actions pending in the instant case *Marrlina Bolden, Plaintiff v. Dale Cunningham, Greyhound Lines, Inc., Defendants,* Case No.: 3:07: cv 917-SRW with *Nancy Henderson and Thomas Henderson, Plaintiffs v. Dale Cunningham, Greyhound Lines, Inc., Defendants,* Case No.: 3:07 cv 916MEF, pursuant to Fed.R.Civ.P. 42(a).

WHEREFORE, Defendants, Greyhound and Dale Cunningham, respectfully request that this Court consolidate the instant case and *Nancy Henderson and Thomas Henderson, Plaintiffs v. Dale Cunningham, Greyhound Lines, Inc., Defendants,* Case No.: 3:07 cv 916MEF for purposes of discovery and trial and grant their Motion to Consolidate.

Respectfully Submitted,


s/ D. Kirby Howard, Jr.
DONALD F. PIERCE   (PIERD9277)
JOHN C.S. PIERCE   (PIERJ0347)
D. KIRBY HOWARD, JR. (HOWD3177)
Attorneys for Greyhound Lines, Inc.


OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
Post Office Box 16328
Mobile, Alabama  36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William J. Benton, Jr., Esq.
P. O. Box 2850
Phenix City, AL 36867

Melissa B. Thomas, Esq.
P. O. Box 1028
Phenix City, AL 36868-1028

James R. McKoon, Jr., Esq.
P. O. Box 3220
Phenix City, AL 36868-3220


Done this 31st  day of October, 2007.


                                        s/ D. Kirby Howard, Jr.
                                        COUNSEL

4

IN THE CIRCUIT COURT OF RUSSELL COUNTY,
STATE OF ALABAMA

MARRLINA BOLDEN,                          )
                                          )
                 Plaintiff,               )      CASE NO. CV-07-224
                                          )
v.                                        )
                                          )
DALE CUNNINGHAM, GREYHOUND                )      DEMAND FOR JURY TRIAL
LINES, INC., and A, B and C,              )
being the person, firm or corporation     )
who was the owner of the vehicle          )
being operated by DALE                    )
CUNNINGHAM as described in                )
Plaintiff's Complaint below, whose        )
true and correct legal identity is        )
presently unknown to Plaintiff but        )
which will be substituted by              )
amendment when ascertained, and           )
D, E and F, being a person, firm, or      )
corporation who was the employer          )
and/or principal of DALE                  )
CUNNINGHAM, described in                  )
Plaintiff's Complaint below, whose        )
true and correct legal identity is        )
presently unknown to Plaintiff but        )
which will be substituted by              )
amendment when ascertained,               )
                                          )
                 Defendants.              )

## COMPLAINT

### Negligence and/or Wantonness

1.   On or about October 3, 2005, Marrlina Bolden was over 19 years of age and resided
     at 200 Thomas Street, Franklin, Louisiana 70538. On said date and at all times
     during the event which is the basis of this lawsuit Marrlina Bolden was a commercial
     invitee of Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B
     and C who were transporting the Plaintiff in its vehicle under the operation of its
     driver, Defendant Dale Cunningham for which it was deriving a commercial benefit.

Page 1 of 5



2.    On or about October 3, 2005, Dale Cunningham was over the age of 19 and resided at 517 Fond Du Lac Drive, Stone Mountain, Georgia 30088.

3.    On or about October 3, 2005, Greyhound Lines, Inc. was a corporation doing business in the State of Alabama with its main office located at 15110 Dallas Parkway, Dallas, Texas.

4.    On or about October 3, 2005, Defendant Dale Cunningham (hereinafter referred to as "Cunningham") was operating a 1996 MCI bus on U.S. Highway 280/431 at or near the intersection US Highway 80. Said motor vehicle belonged to Greyhound Lines, Inc. and/or fictitious party Defendants A, B and C, whose true and correct legal identity is presently unknown to Plaintiff but will be substituted by amendment when ascertained. Defendant Cunningham was operating said motor vehicle on October 3, 2005 with the knowledge, consent and permission of Defendant Greyhound Lines, Inc. and fictitious party Defendants A, B and C.

5.    On or about October 3, 2005, Defendant Cunningham was the agent, servant and employee for purposes of operation of the 1996 MCI bus which belonged to Greyhound Lines, Inc. and/or fictitious party Defendant D, E and F.

6.    On or about October 3, 2005, Defendant Cunningham and/or fictitious party Defendant A, B, C, D, E and F was deriving commercial benefit from Defendant Cunningham's operation of the 1996 MCI motor vehicle.

7.    On or about October 3, 2005, upon a public highway to wit: U.S. Highway 280/431 in Russell County, Alabama, Defendant Cunningham negligently and/or wantonly caused or allowed the vehicle he was operating to collide with a 2003 Mac Tractor Trailer vehicle owned by McElroy Truck Lines, Inc. and operated by Marshal Wayne Walters. The negligence and/or wantonness of Defendant Cunningham at said time, place and occasion is imputed to Defendant Greyhound Lines, Inc. and fictitious party Defendants A, B, C, D, E and F.

8.    That as a proximate consequence of the aforesaid negligence and/or wantonness, Plaintiff Marrlina Bolden was caused to suffer the following injuries and/or damages:

        Her body was injured, her cervical and lumbar spine were injured. She suffered damage to her rotator cuff. She suffered damage to her knees. She was caused to undergo medical treatment and/or incur medical expenses for the treatment of these injuries. She may be caused to incur future medical expenses in the care and treatment of the injuries suffered in this accident. Plaintiff may be caused to suffer future pain and suffering as a proximate consequence of the trauma that

resulted from this collision. Further, Plaintiff has suffered loss of wages and earning capacity as a result of this accident and other damages to be shown at the time of trial of this case.

WHEREFORE, Plaintiff Marrlina Bolden demands judgment against Defendants Dale Cunningham, Greyhound Lines, Inc. and fictitious party Defendants A, B, C, D, E and F both jointly and severally in an amount to be determined by a jury representing both compensatory and punitive damages, plus costs.

## COUNT TWO

### Negligent Entrustment

9.    Plaintiff Marrlina Bolden re-alleges all allegations contained in Count One of this Complaint as if specifically set out herein.

10.   On or about October 3, 2005, Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F negligently entrusted a 1996 MCI motor vehicle to Defendant Cunningham. Defendant Cunningham was incompetent to operate a motor vehicle on the streets and highways of the State of Alabama. Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F knew or should have known that Defendant Cunningham was incompetent to operate a motor vehicle on the streets and highways of the State of Alabama.

11.   As a proximate consequence of Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F's negligent entrustment, Plaintiff Marrlina Bolden was caused to suffer the following damages and injuries:

о

Her body was injured, her cervical and lumbar spine were injured. She suffered damage to her rotator cuff. She suffered damage to her knees. She was caused to undergo medical treatment and/or incur medical expenses for the treatment of these injuries. She may be caused to incur future medical expenses in the care and treatment of the injuries suffered in this accident. Plaintiff may be caused to suffer future pain and suffering as a proximate consequence of the trauma that resulted from this collision. Further, Plaintiff has suffered loss of wages and earning capacity as a result of this accident and other damages to be shown at the time of trial of this case.

☑006/026

WHEREFORE, Plaintiff Marrlina Bolden demands judgment against Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F both jointly and severally in a sum to be determined by a jury representing compensatory and punitive damages plus costs.

## COUNT THREE

### Negligent Hiring and Supervision

12.    Plaintiff Marrlina Bolden re-alleges all allegations contained in Count One and Count Two of this Complaint by reference as if specifically set out herein.

13.    Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F negligently and/or wantonly hired, trained and supervised Defendant Cunningham.

14.    As a direct proximate result of the negligence and/or wantonness of Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F, Plaintiff Marrlina Bolden suffered the following damages and injuries:

> Her body was injured, her cervical and lumbar spine were injured. She suffered damage to her rotator cuff. She suffered damage to her knees. She was caused to undergo medical treatment and/or incur medical expenses for the treatment of these injuries. She may be caused to incur future medical expenses in the care and treatment of the injuries suffered in this accident. Plaintiff may be caused to suffer future pain and suffering as a proximate consequence of the trauma that resulted from this collision. Further, Plaintiff has suffered loss of wages and earning capacity as a result of this accident and other damages to be shown at the time of trial of this case.

WHEREFORE, Plaintiff Marrlina Bolden demands judgment against Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F both jointly and severally in a sum to be determined by a jury representing compensatory and punitive damages plus costs.

Respectfully submitted this _19_ day of September, 2007.

William J. Benton, Jr. (BEN.018)
Attorney for Plaintiff
1214 7th Ave., P.O. Box 2850
Phenix City, AL 36867-2850
(334) 297-6534

Plaintiff demands trial by struck jury.

William J. Benton, Jr.

**All Defendants to be served via
certified mail as follows:**

Dale Cunningham
517 Fond Du Lac Drive
Stone Mountain, Georgia 30088

Greyhound Lines, Inc.
C/o Its Registered Agent, The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Greyhound Lines, Inc.
Post Office Box 660362
Dallas, Texas 75266-0362

NANCY HENDERSON and                    )      IN THE CIRCUIT COURT OF
THOMAS HENDERSON,                      )
                                       )      RUSSELL COUNTY, ALABAMA
        Plaintiffs,                    )
                                       )      CASE NO.: CV-07-_____
vs.                                    )
                                       )
GREYHOUND LINES, INC.,                 )
DALE CUNNINGHAM, and                   )
Fictitious Defendants A, B, and C,     )
the person, firm or corporation who    )
employed the Defendants at the time    )
of the incident made the basis of this )
action; all whose legal names and      )
address are presently unknown to the   )
Plaintiffs, but will be substituted by )
amendment when ascertained, separately )
and severally,                         )
                                       )
        Defendants.                    )

## COMPLAINT

**COME NOW** the Plaintiffs, Nancy Henderson and Thomas Henderson, and files

the following claim for relief against Defendants, Dale Cunningham, Greyhound Lines,

Inc., and Fictitious Defendants A, B, and C as follows:

## PARTIES

1.      The Plaintiff, Nancy Henderson, is and was at all times relevant to this

action over the age of nineteen years and a resident of the State of Alabama.

2.      The Plaintiff, Thomas Henderson, is and was at all times relevant to this

action over the age of nineteen years and a resident of the State of Alabama.    Further,

that Plaintiff, Thomas Henderson, is and was at all times relevant to this action the spouse

of Plaintiff, Nancy Henderson.

3.      The Defendant, Greyhound Lines, Inc., is and was at all times relevant to

this action a business believed to be doing business in Russell County, Alabama.



EXHIBIT
B

4.    The Defendant, Dale Cunningham, is and was at all times relevant to this action an individual believed to be a resident of Stone Mountain, Georgia, but who was operating a passenger bus in Russell County, Alabama at the time of the incident made the basis of this action on October 3, 2005.

5.    Fictitious Defendants A, B, and C, whether singular or plural, is that person, firm, corporation, or other entity who employed the Defendants at the time of the incident made the basis of this action.

## FACTS

6.    On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, was operating a passenger bus at the intersection of U.S. Highway 280/431 North and U.S. Highway 80 in Russell County, Alabama.

7.    On or about the 3rd day of October, 2005, the Plaintiff, Nancy Henderson, was operating a motor vehicle at the intersection of U.S. Highway 280/431 North and U.S. Highway 80 in Russell County, Alabama.

8.    On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, was employed by Greyhound Lines, Inc., and /or Fictitious Defendants A, B, and C.

9.    On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, was acting within the line and scope of his employment during the incident made the basis of this action.

10.    On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, caused and/or allowed the passenger bus he was operating to collide with the motor vehicle driven by the Plaintiff, Nancy Henderson.

<u>COUNT I</u>

11.    The Plaintiff, Nancy Henderson, realleges and reasserts herein by reference each and every material allegation contained in Paragraphs 1 through 10, and further alleges against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

12.    On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, negligently caused and/or allowed the passenger bus he was operating to collide with a motor vehicle occupied by the Plaintiff, Nancy Henderson.

13.    As a proximate consequence of the negligence of Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, the Plaintiff, Nancy Henderson, was caused to suffer the following injuries and damages:

a.    her body was bruised and battered all over;

b.    she was caused to undergo medical procedures, has incurred and currently continues to incur medical expenses and may incur the same in the future;

c.    she suffered mental anguish and depression as a result of the accident and been required to seek medical care and treatment for said mental anguish; and

d.    she has lost time from her work and has suffered a loss of income as a result of the accident.

**WHEREFORE,** Plaintiff demands judgment for compensatory damages plus costs against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, in such amounts as may be determined by the jury, plus interest and costs, within the jurisdictional limits of this Court.

## COUNT II

14.    The Plaintiff, Nancy Henderson, realleges and reasserts herein by reference each and every material allegation contained in Paragraphs 1 through 13, and further alleges against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

15.    On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, wantonly caused or allowed the passenger bus he was operating to collide with a motor vehicle occupied by the Plaintiff, Nancy Henderson.

16.    As a proximate consequence of the negligence of Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, the Plaintiff, Nancy Henderson, was caused to suffer the following injuries and damages:

a.    her body was bruised and battered all over;

b.    she was caused to undergo medical procedures, has incurred and currently continues to incur medical expenses and may incur the same in the future;

c.    she suffered mental anguish and depression as a result of the accident and been required to seek medical care and treatment for said mental anguish; and

d.    she has lost time from her work and has suffered a loss of income as a result of the accident.

**WHEREFORE,** Plaintiff demands judgment for compensatory and punitive damages plus costs against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, in such amounts as may be determined by the jury, plus interest and costs, within the jurisdictional limits of this Court.

## COUNT III

17.    The Plaintiff, Nancy Henderson, realleges and reasserts herein by reference each and every material allegation contained in Paragraphs 1 through 16, and further alleges against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

18.    The Defendants, Greyhound Lines, Inc., and/or Fictitious Defendants A, B, and C, negligently and/or wantonly hired, supervised, trained, and retained the Defendant, Dale Cunningham.

19.    As a proximate cause of the negligence and/or wantonness of the Defendant Greyhound Lines, Inc. and/or Fictitious Defendants A, B, and C, the Plaintiff, Nancy Henderson, suffered personal injuries resulting in medical expenses, pain and suffering and mental anguish.

**WHEREFORE,** Plaintiff demands judgment for compensatory and punitive damages plus costs against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, in such amounts as may be determined by the jury, plus interest and costs, within the jurisdictional limits of this Court.

## COUNT IV

20.    The Plaintiff, Thomas Henderson, realleges and reasserts herein by reference each and every material allegation contained in Paragraphs 1 through 19, and further alleges against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

21.    As a proximate result of the negligence and/or wantonness of Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, the

Plaintiff was caused to lose the consortium and society of the Plaintiff's spouse, Nancy Henderson.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages plus costs against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, in such amounts as may be determined by the jury, plus interest and costs, within the jurisdictional limits of this Court.

MELISSA B. THOMAS (THO107)
**Attorney for Plaintiffs**
**P. O. Box 1028**
**Phenix City, AL 36868-1028**
**(334) 297-8300**

JAMES R. McKOON, Jr. (MCK020)
**Attorney for Plaintiffs**
**P. O. Box 3220**
**Phenix City, AL 36868-3220**
**(334) 297-2300**

### JURY DEMAND

**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY.**

MELISSA B. THOMAS (THO107)
**Attorney for Plaintiffs**

FILED IN OFFICE
2007 SEP 19 AM 8: 01
CIRCUIT COURT
RUSSELL CO. AL.

PLEASE SERVE DEFENDANTS AS FOLLOWS:


GREYHOUND LINES, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109

DALE CUNNINGHAM
517 Fond Du Lac Drive
Stone Mountain, GA 30088

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| BON KIEU | * | |
| Plaintiff, | * | |
| | * | |
| | * | CIVIL ACTION NO: |
| VS | * | CV- 07 - 1992 |
| | * | |
| DALE CUNNINGHAM; | * | |
| GREYHOUND LINES, INC.; et al | * | |

A, B, and/or C, those persons, firms, corporations, or other entities who was the operator of the motor vehicle which came into contact with the vehicle occupied by the Plaintiff at the times and places made the basis of this suit; D, E, and/or F, those persons, firms, corporations, or other entities who was the owner of the motor vehicle operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit; G, H, and/or I, those persons, firms, corporations, or other entities who was the principal, master, employer and/or person for whose benefit the trip was being made by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit; J, K, and/or L, those persons, firms, corporations, or other entities who negligently entrusted the motor vehicle being operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit;    M, N, and/or O, those persons, firms, corporations, or other entities who was responsible for the maintenance of the vehicle being operated by the Defendants, DALE CUNNINGHAM, A, B, and/or C, at the times and places made the basis of this suit; all of whose true and correct identities are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained, separately and severally

|  |  |
|---|---|
| | * |
| | * |
| Defendants, | * |

---

# C O M P L A I N T

---

Come now the Plaintiff, BON KIEU, by and through the undersigned counsel, and

bring this action against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC.,

and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or O, as follows:

**EXHIBIT**

**C**

## PARTIES

1.  The Plaintiff, BON KIEU, an individual over the age of nineteen (19) years, and resident of Ocean Springs, (Jackson County), Mississippi at all times material hereto.

2.  Upon information and belief, the Defendant, DALE CUNNINGHAM, is an individual over the age of nineteen (19) years, and a resident of Stone Mountain, Georgia. The Defendant had regular and continuous contact with the State of Alabama at all times material hereto.

3.  Upon information and belief, the Defendant, GREYHOUND LINES, INC., is a corporation with its principal place of business in Wilmington, Delaware. The Defendant conducted business on a regular and systematic basis in Mobile County, Alabama at all times material hereto

4.  Fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, are persons, firms, corporations, or other entities relevant to this action, whose true and correct identities are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

## COUNT ONE
## NEGLIGENCE

5.  The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, DALE CUNNINGHAM, A, B, and/or C, negligently operated a Greyhound Bus which was owned by the Defendant, GREYHOUND LINES, INC., D, E and/or F, in Phenix City, Alabama, so as to cause Plaintiff, BON

KIEU injuries while a passenger on the bus at a time when he was being transported for payment in said motor vehicle.

6. The Plaintiff further avers that, at the time and place made the basis of this suit, the Defendant, DALE CUNNINGHAM, A, B, and/or C, was acting within the line and scope of his employment as an agent, servant, or employee of the Defendant, GREYHOUND LINES, INC., G, H, I, J, K, and/or L.

7. As a proximate result of the negligent conduct of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injury to his head, neck and back, he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the bus accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

8. The injuries and damages of the Plaintiff, BON KIEU, exceed the jurisdictional limits of this Court.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties A, B, C, D, E, F, G,

H, I, J, K, and/or L, for general compensatory damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT TWO
## WANTONNESS

9. The Plaintiff, BON KIEU, adopts and realleges the allegations set forth in paragraphs numbered one (1) through eight (8) of this Complaint as if fully set forth herein.

10. The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, DALE CUNNINGHAM, A, B, and/or C, wantonly operated a Greyhound Bus which was owned by the Defendant, GREYHOUND LINES, INC., D, E and/or F, in Phenix City, Alabama, so as to cause or allow the same to collide and cause injuries to the Plaintiff, BON KIEU, while a passenger on the bus at a time when he was being transported for payment in said motor vehicle.

11. The Plaintiff further avers that, at the time and place made the basis of this suit, the Defendants, DALE CUNNINGHAM, A, B, and/or C, were acting within the line and scope of their employment as agents, servants, or employees of the Defendant, GREYHOUND LINES, INC., G, H, I, J, K, and/or L.

12. As a proximate result of the wanton conduct of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injuries to his head, neck and back; he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his

injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

13. The Plaintiff, BON KIEU, seeks to recover punitive damages against the Defendants.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties A, B, C, D, E, F, G, H, I, J, K, and/or L, for general compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT THREE
## NEGLIGENT MAINTENANCE

14. The Plaintiff, BON KIEU, adopts and realleges the allegations of paragraphs numbered one (1) through thirteen (13) of this Complaint as it fully set forth herein.

15. The Plaintiff avers that the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC. and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or O, knew, or had reason to know, that the subject bus and/or its braking system was defective and/or not in proper working order or, alternatively failed to properly monitor, inspect and maintain the braking system. The Defendants

otherwise negligently failed to maintain the subject bus and/or its braking system. In addition, these Defendants were negligent in the following respects:

(a)   Negligently failing to maintain the braking system of the subject bus in a reasonable safe condition;

(b)   Negligently causing or allowing the subject bus to be placed on the open road with knowledge of the defect, to wit: an improperly functioning braking system and/or defective braking system;

(c)   Negligently failing to establish safe work practices and procedures for proper monitoring, inspection and maintenance of the braking system of the subject bus.

16.   As a proximate result of the negligent conduct and other wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous condition, the Plaintiff, BON KIEU, suffered injuries and damages as complained herein.

WHEREFORE, the Plaintiff BON KIEU, demands judgment against the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC., and fictitious parties, A, B, C, D, E, and/or F, for compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## COUNT FOUR
## WANTON FAILURE TO MAINTAIN

17.   The Plaintiff, BON KIEU adopts and realleges the allegations of paragraphs numbered one (1) through sixteen (16) of this Complaint as it fully set forth herein.

18.   The Plaintiff avers that the Defendants, DALE CUNNINGHAM, GREYHOUND LINES, INC. and fictitious parties, A, B, C, D, E, F, G, H, I, J, K, L, M, N, and/or

O, knew, or had reason to know, that the subject bus and/or its braking system was defective and/or not in proper working order or, alternatively failed to properly monitor, inspect and maintain the braking system. The Defendants otherwise wantonly failed to maintain the subject bus and/or its braking system. In addition, these Defendants were wanton in the following respects:

(a)     Wantonly failing to maintain the braking system of the subject bus in a reasonable safe condition;

(b)     Wantonly causing or allowing the subject bus to be placed on the open road with knowledge of the defect, to with: an improperly functioning braking system and/or defective braking system;

(c)     Wantonly failing to establish safe work practices and procedures for proper monitoring, inspection and maintenance of the braking system of the subject bus.

19.    As a proximate result of the wanton conduct and other wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous condition, the Plaintiff, BON KIEU, suffered injuries and damages as complained of herein.

## COUNT FIVE
## NEGLIGENT ENTRUSTMENT

20.    The Plaintiff, BON KIEU, adopts and realleges the allegations set forth in paragraphs numbered one (1) through nineteen (19) of this Complaint as if fully set forth herein.

21.    The Plaintiff, BON KIEU, alleges that, on or about October 3, 2005, the Defendants, GREYHOUND LINES, INC., I, J, K, and/or L, negligently entrusted a Greyhound Bus to the Defendant, DALE CUNNINGHAM, A, B and/or C,

knowing the said DALE CUNNINGHAM, D, E, F, G, H, I, J, K, and/or L, to be a reckless, careless, heedless, and indifferent driver, or without the requisite discretion to drive.

22.    As a proximate consequence of the negligent entrustment of the Defendants as aforesaid, the Plaintiff, BON KIEU, was caused to suffer injuries and damages, including, but not limited to the following: he sustained injuries to his head, neck and back; he was knocked, shocked, bruised, and contused in and about various portions of his body, he was caused to incur medical expenses for the treatment of his injuries and he will be caused to incur additional medical expenses in the future, he is permanently injured, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, he suffered mental anguish, he was caused to suffer lost wages and a loss of earning capacity as a result of his inability to work due to the injuries and damages he sustained in the accident and he will be caused to incur additional lost wages and loss of earning capacity in the future.

WHEREFORE, the Plaintiff, BON KIEU, demands judgment against the Defendants, GREYHOUND LINES, INC., and fictitious parties D, E, F, G, H, I, J, K, and/or L, for general compensatory damages and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## PLAINTIFF RESPECTFULLY DEMANDS TRIAL
## BY JURY ON ALL COUNTS

WINDOM & TOBIAS, LLC
Attorneys for Plaintiff, BON KIEU

_Michael P Windom_

MICHAEL P. WINDOM          (WIN017)
Post Office Box 2626
Mobile, Alabama  36601
(251) 432-5001

## SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

DALE CUNNINGHAM
517 Fond De Lac Drive
Stone Mountain, Georgia 30088

GREYHOUND LINES, INC.
c/o Registered Agent
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109